FILED 56
Honorable Norwood Creason Representative, District 16 Room 412, State Capitol Building Jefferson City, Missouri 65101
Dear Representative Creason:
This is in answer to your request for an opinion from this office as follows:
 "1. Do snowmobiles fall within the classification of `motor vehicles for the purpose of required licensing and registration under Section 301.020 RSMo 1969 before they can be lawfully operated on the highways of this state?
 "2. If the answer to No. 1 is in the negative, are there laws which prohibit the operation of a snowmobile upon the highways of the State of Missouri?"
You do not describe a snowmobile. We understand that there are a wide variety of snowmobile designs. For the purpose of this opinion we will assume that a snowmobile is a self-propelled machine which travels on two fabric and rubber endless belts, one on each rear side of the machine, kept in motion by two driving wheels so that the machine moves forward with the revolutions of the belts, with skids in front.
You inquire whether a snowmobile is required to be licensed and registered under the provisions of Section 301.020, RSMo 1969, before it can be lawfully operated on the highways of the state.
The licensing and registration of motor vehicles is governed by Chapter 301, RSMo. Section 301.010, as amended by Laws 1974, provides that as used in Chapter 301 the following terms mean:
 "(15) `Motor vehicle', any self-propelled vehicle not operated exclusively upon tracks, except farm tractors;
* * *
 "(31) `Vehicle', any mechanical device on wheels, designed primarily for use on highways, except those propelled or drawn by human power, or those used exclusively on fixed rails or tracks."
Section 301.020 requires every owner of a motor vehicle which shall be operated or driven upon the highways of this state to apply for registration of such vehicle with the Director of Revenue.
A snowmobile, as we describe the machine, is a self-propelled vehicle not operated exclusively on tracks and would come within the definition of a motor vehicle under paragraph (15) if it is a "vehicle." The term "vehicle," as used in this chapter, is defined as any mechanical device on wheels, designed primarily for use on highways, and is to be included in the definition of "motor vehicle" which has to be registered under this chapter. Unless it is a mechanical device on wheels, it does not come within the definition of a motor vehicle which is required to be registered and licensed under Chapter 301. Only motor vehicles as defined in Chapter 301 are required to be licensed for operation upon the highways of this state. Highway is defined in Section 301.010 as any public thoroughfare for vehicles including state roads, county roads, and public streets, avenues, boulevards, parkways, or alleys in any municipality. It is our opinion that a snowmobile is not a mechanical device on wheels since it gets its traction for mobility to move forward from the revolution of the belts and not from wheels. Further, it is our understanding snowmobiles are not designed primarily for use on highways. Therefore, snowmobiles are not required to be registered and licensed under Chapter 301 before being operated on the highways of this state.
In answer to your second question asking whether there are any laws which prohibit the operation of a snowmobile upon the highways of this state, it is our opinion that there are no laws which expressly prohibit the use of snowmobiles on such highways.
There are some statutory regulations which do apply to the operation of snowmobiles upon the highways of the state such as traffic regulations and vehicle equipment regulations. Chapter 302, RSMo, dealing with driver's and chauffeur's licenses applies to persons operating snowmobiles because of the definition of motor vehicles in that chapter. That definition, found in Section302.010(9), RSMo 1969, is ". . . any self-propelled vehicle not operated exclusively upon tracks." Snowmobiles come within this definition. Further, snowmobile operators are not within any specific exemption to the requirements of Chapter 302.
Sections 304.014 to 304.026, RSMo, dealing with traffic regulations, apply to snowmobiles. The definitional section applicable to those sections is Section 304.025.2, RSMo 1969, wherein vehicle is defined to mean ". . . any device operated on highways, except those used exclusively on rails or tracks." This would clearly place snowmobiles within the provisions of those sections.
The light regulations of Sections 307.020 to 307.120, RSMo 1969, also apply to snowmobiles. See Section 307.020(8), RSMo, which defines vehicle as:
 ". . . every device in, upon or by which a person or property is or may be transported upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks;"
Also, the vehicle equipment safety compact, Section 307.250, Article II(a), RSMo 1969, defines vehicle as:
 ". . . every device in, upon or by which any person or property is or may be transported or drawn upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks."
Therefore, the compact would be applicable to snowmobiles.
The motor vehicle safety inspection law, Section 307.350, RSMo Supp. 1975, would not apply to snowmobiles since it refers for its definition back to Chapter 301, which does not apply to snowmobiles.
We avoid a detailed discussion of all of the possible statutory interpretations respecting snowmobiles because such a detailed examination of the laws should be made on a case-by-case basis. For the same reason, we do not pass upon the application of city ordinances to snowmobiles.
CONCLUSION
It is the opinion of this office that a snowmobile is not required to be registered and licensed as a motor vehicle but that it is unlawful to operate a snowmobile upon the highways of this state if it is not properly equipped and if the operator is not properly licensed.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Moody Mansur.
Yours very truly,
 JOHN ASHCROFT Attorney General